IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07CR429-6 |
| | ) | |
| LANCE ANTONIO WILLIAMS | ) | FILED UNDER SEAL |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is a motion filed by Defendant Lance Antonio Williams ("Defendant") pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of sentence due to Amendments 706, 750, and 780 to the United States Sentencing Guidelines. (Docs. 285; Minute Entry 05/18/2015.) Counsel has been appointed to represent Defendant in this matter (Doc. 368), and pursuant to this court's order (Doc. 369), both Defendant and Government have briefed the issue (Docs. 370, 371), and both agree Defendant is entitled to a sentence reduction. While this court agrees with both parties that the intent of Amendment 780 to the United States Sentencing Guidelines, Appendix C, suggests clarity on this issue, this court concludes that under existing precedent, Defendant's sentence was not based on a sentencing guideline range that has been subsequently lowered and applied by the district court but was instead based upon a statutory mandatory minimum and a resulting substantial assistance

departure below that statutory mandatory minimum, both of which remain unchanged by the recent amendments. As a result, this court concludes § 3582 does not apply and, for the reasons stated herein, will deny Defendant's motion.

I.  **BACKGROUND**

On January 29, 2008, Defendant was charged in a superseding indictment (Doc. 34). On March 3, 2008, Defendant pleaded guilty to one count of distribution of 56 grams of a mixture and substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). (See Plea Agreement (Doc. 56); Minute Entry 03/03/2008.) Defendant was sentenced on December 9, 2008, to 180 months imprisonment (Minute Entry 12/09/2008), and Judgment was entered on January 2, 2009. (Doc. 113.)

The court arrived at a sentence of 180 months based on several different steps. First, Defendant's original guideline calculation resulted in a guideline imprisonment range of 130-162 months, based on an offense level of 27 and a criminal history category of VI. However, at the time, the applicable statute mandated a statutory minimum sentence of 240 months due to the fact Defendant committed the instant offense after a

-2-

Case 1:07-cr-00429-WO   Document 372   Filed 07/10/15   Page 2 of 15

prior conviction for a felony drug offense had become final.[1] See 21 U.S.C. 841(b)(1)(A) (2008). (See also Information of Prior Conviction (Doc. 44).) Defendant's sentence was based on the application of the statutory mandatory minimum and § 5G1.1(b) of the Sentencing Guidelines. See USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

Starting at the statutory mandatory minimum sentence of 240 months, the court departed downward to a sentence of 180 months as a result of a substantial assistance departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. (Sentencing Hr'g Tr. (Doc. 172) at 6-7.) Defendant's resulting sentence was approximately 25 percent below the statutory mandatory minimum but nonetheless above the otherwise applicable guideline imprisonment range. The original sentence did not result from application of a guideline

---

[1] Defendant is presently awaiting a decision in a petition filed pursuant to 28 U.S.C. § 2255 seeking relief under the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Should Defendant's § 2255 petition be granted because of Simmons, then Defendant would be entitled to a new sentencing hearing and the related rights associated with that proceeding. This order should not be construed to preclude any relief if Defendant's Simmons petition is granted.

range[2]; it was a reduction from an applicable statutory mandatory minimum departed from as a result of Government's request pursuant to substantial assistance.

In addition to the undisputed historical facts, there is no dispute that recent amendments to the Sentencing Guidelines have reduced the applicable sentencing guideline range for individuals who, like Defendant, were found guilty of crack-related offenses. See USSG app. C, amend. 706 (Nov. 1, 2007); USSG supp. to app. C, amend. 750 (Nov. 1, 2011). Both amendments were made retroactive. The parties assert, and this court agrees, that these amendments apply to reduce Defendant's original guideline calculation. Based on these amendments, Defendant's offense level calculation would be reduced from the previous total offense level of 27 to a total offense level of 21. With his criminal history category of VI, Defendant's guideline imprisonment range would be reduced from 130-162

---

[2] As provided for in USSG § 5G1.1(b) which, consistent with 18 U.S.C. § 3553, requires that a statutory mandatory minimum, if higher than the applicable guideline range, becomes the guideline sentence.

months to 77-96 months.[3]  Both parties and this court agree that
these amendments have the effect of lowering Defendant's
applicable guideline range, meeting the second requirement of
§ 3582.  This court agrees with the parties that if Defendant
had originally been sentenced pursuant to a guideline range
either partially or fully above the statutory mandatory minimum,
§ 3582 would be triggered because of the subsequent amendments
to the applicable sentencing guideline range.  Under these
circumstances, the amended guideline calculation would entitle
Defendant to a reduction in the applicable term of imprisonment
and, correspondingly, perhaps release on November 2, 2015.
However, Defendant was sentenced pursuant to a statutory
mandatory minimum that does not meet the statutory requirement
for applicability of § 3582. This court finds that, due to the
statutory language of 18 U.S.C. § 3582(c)(2) as interpreted by
the Fourth Circuit in United States v. Hood, 556 F.3d 226 (4th
Cir. 2009), this court is not authorized to reduce Defendant's
sentence as he requests.  "The lone issue here is whether

---

[3] As the Sentencing Guidelines (as amended by Amendment 780) direct, this court is not to consider the "statutorily required minimum sentence" in determining what Defendant's amended guideline range would be under the amended Sentencing Guidelines.  See USSG supp. to app. C, amend. 780 (codified at USSG § 1B1.10(c)) (Nov. 1, 2014) (explaining that the determination was to be made "without regard to the operation of § 5G1.1").

[Defendant] meets the initial prerequisite of having been sentenced to a term of imprisonment 'based on' a subsequently reduced sentencing range." Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685, 2781 (2011) (Roberts, C.J., dissenting.)

## II. ANALYSIS

Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) (hereinafter "§ 3582"), which "establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." Dillon v. United States, 560 U.S. 817, 824 (2010). Section 3582 provides that a court may reduce a sentence of imprisonment if (1) that sentence was based on a guideline range that has "subsequently been lowered" by the United States Sentencing Commission; and (2) a reduction in the sentence comports with applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); Hood, 556 F.3d at 231-32. The Sentencing Commission has issued a policy statement indicating that, to qualify for a reduction pursuant to § 3582, the amendment to the Sentencing Guidelines must have the effect of lowering the

defendant's applicable guideline range. See USSG
§ 1B1.10(a)(2)(B).

However, this court finds that Defendant's sentence was "based on" the mandatory minimum sentence in place at the time of sentencing and "based on" a departure from that mandatory minimum pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e). Defendant's sentence "was 'not based on a sentencing range . . . lowered by the Sentencing Commission' and therefore was not subject to modification." See Hood, 556 F.3d at 234 (quoting 18 U.S.C. § 3582(c)(2)) (alteration in original). As it does not appear to this court that the Fourth Circuit's holding in Hood has been superseded by recent changes to the Sentencing Guidelines, this court believes Hood controls the analysis here.

In Hood, the Fourth Circuit grounded their holding, in part, on an analysis of the statutory language of § 3582, specifically the language requiring that a sentence be "based on a sentencing range." See id. at 233; see also 18 U.S.C. § 3582(c)(2). The Fourth Circuit recognized that the district court had calculated a guideline imprisonment range, but that calculation "became irrelevant to [the defendant's] sentence because it yielded a sentencing range less than the statutory

minimum sentence of 240 months imprisonment as mandated by 21

U.S.C. § 841(b)(1)(A)." Id. at 233.  The court explained:

> At this point [the defendant's] sentence was "based
> on" the Guidelines sentence of 240 months, rather than
> on the sentencing range derived from § 2D1.1 for
> individual crack cocaine offenses, which Amendment 706
> amended. Because Amendment 706 did not purport to
> lower the statutory mandatory minimum - indeed, the
> Sentencing Commission has no authority to lower a
> statutory mandatory minimum - it did not have the
> effect of lowering [the defendant's] Guidelines range.
> Because [the defendant's] 240-month Guidelines
> sentence was based on a statutory minimum and U.S.S.G.
> § 5G1.1(b), it was not based on a sentencing range
> lowered by Amendment 706, and at this point in the
> analysis, [the defendant] would not be eligible for a
> reduced sentence under § 3582(c)(2).

Id.  The statutory language of § 3582, requiring that a sentence be "based on" a sentencing range lowered by an amendment, has not changed since the Fourth Circuit decided Hood.  As a result, Defendant is ineligible for relief under § 3582 pursuant to Amendment 706 for the same reasons that Hood was ineligible for relief.  Furthermore, the same analysis provides that Defendant is not eligible for relief pursuant to Amendment 750.

This court does note that the Fourth Circuit relied, in part, on an interpretation of the Sentencing Guidelines to support its holding in Hood.  See id. at 233 ("The commentary to U.S.S.G. § 1B1.10 supports this analysis.").  To date, the application note cited by the Hood court has not changed, but

-8-

Amendment 780 and the addition of USSG § 1B1.10(c) have modified the applicable sentencing guidelines. Those amendments have caused at least one other court to reach a different conclusion on whether or not individuals subject to mandatory minimums but received departures due to their substantial assistance are eligible for relief under § 3582. See United States v. Freeman, 586 Fed. Appx. 237, 239 (2014) (unpublished) ("Accordingly, whether or not § 5G1.1 affected the calculation of [the defendant's] sentencing range is no longer an issue that bears on his eligibility for a reduced sentence."). Moreover, at least one of the examples illustrating how to apply USSG § 1B1.10(c) resembles the facts of this case in which the defendant is sentenced below a mandatory minimum based on his substantial assistance and seeks to have his sentence reduced to a guideline range below the mandatory minimum. See USSG § 1B1.10, cmt. 4(B). As the parties agree, these sources could indicate that the Sentencing Commission intended that courts disregard the mandatory minimum sentence imposed and grant § 3582 relief for all defendants who cooperated if their applicable guideline range has been lowered.[4]

---

[4] This court notes that neither of the examples in the commentary added by Amendment 780 to the new USSG § 1B1.10(c) nor United States v. Freeman is directly on point in that

-9-

Although not specifically addressed by the parties, Amendment 780 and § 1B1.10(c) both appear to be substantive amendments. "An amendment is substantive if 'it works a substantive change in the operation of the guideline in this circuit, [with] . . . the effect of changing the law in this circuit.'" United States v. Butner, 277 F.3d 481, 489 (4th Cir.

---

present Defendant was sentenced to a mandatory minimum that was above the high end of his applicable guideline range. Both of the commentary examples and Freeman address cases in which the mandatory minimum was either below the guideline range or within it. Thus, § 5G1.1 has the result of amending the lower end of the guideline range. Neither of the examples nor Freeman accounts for § 5G1.1(b) which holds that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b). Present Defendant squarely fits in this scenario. Unlike the other examples, his original sentence was based on a mandatory minimum that removed him completely from any applicable guideline range. There is nothing in the new commentary to suggest that the mandatory minimum, which was not changed retroactively, should now have no impact on Defendant's eligibility for a reduced sentence under § 3582. The defendants in the commentary examples both had sentences that were based, at least in part, on their guideline ranges. Due to where their guideline ranges fell in relation to the mandatory minimum, their sentence was determined by the applicable guideline range. Now that those guidelines have been amended, the broader amendments to the Sentencing Guidelines allow these individuals to benefit from the reduction in their guideline range. However, unlike these hypothetical defendants, this Defendant was fully removed from his initial guideline range by the mandatory minimum, making his sentence based on that mandatory minimum. Thus, the fact that the hypothetical defendants are eligible for relief is not instructive as to whether Defendant should be eligible for relief.

-10-

2002) (quoting United States v. Capers, 61 F.3d 1100, 1110 (4th Cir. 1995)). Amendment 780 and § 1B1.10(c) do appear to change the law of this circuit with respect to application of the Guidelines to the extent they permit a court to consider a factor other than substantial assistance in departing below a statutory mandatory minimum. See, e.g., United States v. Spinks, 770 F.3d 285 (4th Cir. 2014). Assuming, without deciding, that Amendment 780 and § 1B1.10(c) can be construed to modify the holding in Hood, this court is not convinced that Amendment 780 addresses or supersedes the Fourth Circuit's interpretation of § 3582 in Hood. The Sentencing Guidelines are subordinate to acts of Congress, see Hood, 556 F.3d at 233, and the sentence originally imposed was based upon an act of Congress, the statutory mandatory minimum, rather than that prescribed by the Sentencing Commission.

In United States v. Goines, the Fourth Circuit analyzed § 3582 and the role of Guideline Amendments, the general remedial structure, and the consequences of a broad construction of § 3582. The Fourth Circuit concluded that a "broad reading better effectuates the congressional intent underlying § 3582(c)(2)." Goines, 357 F.3d 469, 475 (4th Cir. 2004). As a result, under § 3582, a "sentencing range is 'the range actually

-11-

applied by the district court,' as distinct from the range 'prescribed by the sentencing guidelines.'" United States v. Lindsey, 556 F.3d 238, 246 (4th Cir. 2009) (quoting Goines, 357 F.3d at 480)). Thus, the "range actually applied by the district court" at the original sentencing, the 240 months statutory mandatory minimum, has not been amended by the most recent Sentencing Guideline changes.

To find that this court has the authority to apply a lowered guideline range pursuant to § 3582 when a sentencing court has previously departed below a statutory mandatory minimum for substantial assistance on the facts of this case seems to run contrary to Fourth Circuit precedent interpreting 18 U.S.C. § 3553 in other respects as well. The Fourth Circuit has consistently held that 18 U.S.C. § 3553 precludes a court from sentencing below a statutory mandatory minimum except by applying a departure pursuant to 18 U.S.C. § 3553(e) or the Safety Valve (18 U.S.C. § 3553(f)). See United States v. Pillow, 191 F.3d 403 (4th Cir. 1999); Spinks, 770 at 287 ("In United States v. Hood, 556 F.3d 226 (4th Cir. 2009), we squarely addressed whether a district court can consider non-assistance factors in determining the extent of a departure from a mandatory minimum . . . . We reasoned that '[o]nly Congress

-12-

applied by the district court,' as distinct from the range 'prescribed by the sentencing guidelines.'" United States v. Lindsey, 556 F.3d 238, 246 (4th Cir. 2009) (quoting Goines, 357 F.3d at 480)). Thus, the "range actually applied by the district court" at the original sentencing, the 240 months statutory mandatory minimum, has not been amended by the most recent Sentencing Guideline changes.

To find that this court has the authority to apply a lowered guideline range pursuant to § 3582 when a sentencing court has previously departed below a statutory mandatory minimum for substantial assistance on the facts of this case seems to run contrary to Fourth Circuit precedent interpreting 18 U.S.C. § 3553 in other respects as well. The Fourth Circuit has consistently held that 18 U.S.C. § 3553 precludes a court from sentencing below a statutory mandatory minimum except by applying a departure pursuant to 18 U.S.C. § 3553(e) or the Safety Valve (18 U.S.C. § 3553(f)). See United States v. Pillow, 191 F.3d 403 (4th Cir. 1999); Spinks, 770 at 287 ("In United States v. Hood, 556 F.3d 226 (4th Cir. 2009), we squarely addressed whether a district court can consider non-assistance factors in determining the extent of a departure from a mandatory minimum . . . . We reasoned that '[o]nly Congress

-12-

could authorize a departure from the statutorily mandated minimum sentence, and it did so in § 3553(e) for the limited purpose stated there . . . .'"); United States v. Alexander, 165 F.3d 20, at *1 (4th Cir. 1998) (per curiam) ("A district court may depart below a statutory minimum sentence only if the Government requests a departure based on the defendant's substantial assistance to authorities, see 18 U.S.C.A. § 3553(e) (1994); U.S.S.G § 5K1.1, comment. (n.1); United States v. Patterson, 38 F.3d 139, 146 n.8 (4th Cir. 1994), or if the court finds that the defendant meets the criteria set forth in the 'safety valve' provision, see 18 U.S.C.A. § 3553(f) (West Supp. 1998); U.S.S.G. § 5C1.2."); United States v. McRae, 214 Fed. Appx. 292 (2007) (same). All of these cases were decided when the Sentencing Guidelines and the statutory scheme were consistent. This court is somewhat troubled that Amendment 780 now seems to be in some tension with 18 U.S.C. § 3553, in that § 1B1.10(c) allows for this court to disregard the statutory mandatory minimum and then depart based on substantial assistance, whereas § 3553(e) and this circuit's precedent only allow for a departure from the statutory mandatory minimum. Nonetheless, this court need not resolve this tension because § 3582, as interpreted by the Fourth Circuit controls whether

-13-

Defendant is eligible for relief, even if it would appear that the guidelines would allow for such a departure based on recent amendments.

This court therefore concludes that the question of whether or not an amended guideline range has been reduced is a separate issue from the preliminary question presented by § 3582, that is, whether or not the sentence imposed was based on a sentencing range that has subsequently been lowered. This court is not convinced that Amendment 780 addresses or supersedes the Fourth Circuit's interpretation of § 3582 in Hood. Therefore, this court finds that it need not consider the application of USSG § 1B1.10(c) if this court finds that the statutory prerequisites have not been met. Defendant was sentenced to a mandatory minimum sentence imposed by Congress,[5] and absent resentencing - which § 3582 was not intended to be, see USSG § 1B1.10(a)(3) - this court does not have the authority to grant Defendant the relief he seeks.

This court believes it is compelled to apply the Fourth Circuit's analysis in Hood and hold that Defendant was not

---

[5] The Fair Sentencing Act ("FSA"), and the lower mandatory minimum that would be attached to the quantity of cocaine base Defendant distributed, is not retroactive, and as a result, it does not lead to a lesser sentence for Defendant. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the FSA does not apply retroactively).

-14-

sentenced "based on" a sentencing range that has been lowered by the Sentencing Commission. All parties concede and this court finds that Defendant would be eligible for relief under § 3582 and for release on November 2, 2015, except for this court's interpretation of § 3582. However, as explained herein, this court finds Defendant's motion should be denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and the Retroactive Application of the 2011 Crack Amendment (Doc. 285) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel and Motion for Resentencing (Doc. 283) is **DENIED AS MOOT,** due to this court's previous order appointing counsel (Doc. 368).

**IT IS FURTHER ORDERED** that Defendant's Motions to Expedite Ruling on Motion to Reduce Sentence (Docs. 287, 288) are **DENIED AS MOOT.**

This the 10th day of July, 2015.

                                      */s/ William L. Osteen, Jr.*
                                      United States District Judge